J-S53028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN MCAFEE | : | |
| | : | |
| Appellant | : | No. 1549 EDA 2019 |

Appeal from the PCRA Order Entered May 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006495-2010

BEFORE:   SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED:  FEBRUARY 26, 2021**

Shawn McAfee appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   Upon careful review, we affirm.

The PCRA court set forth the facts and procedural history of the case as follows:

> On December 3, 2008, at approximately 8:00 [] p.m., Marquel Miles[, the victim,] was in a [] store at the corner of 7th and West Clearfield Streets [] in Philadelphia.  [] McAfee[] approached [] Miles inside the store and they had a conversation.  Then, from about five feet away, [McAfee] shot [] Miles five times with a [0].9 millimeter semiautomatic handgun[:]  in the abdomen, the groin area, [] the arm, and [] both legs.  [Miles] was taken to Temple University Hospital where he underwent several surgeries.  []

---

[*] Retired Senior Judge assigned to the Superior Court.

Miles survived until April 14, 2009[,] when he was pronounced dead[.]

\* \* \*

After a mistrial before the Honorable Teresa M. Sarmina, [] McAfee pleaded guilty [] to murder [in] the third degree and violating [s]ection 6105 of the Uniform Firearms Act (VUFA) on April 16, 2012. In accordance with the terms of the negotiated plea, [the court sentenced] McAfee [] to an aggregate term of twenty-five [] to fifty [] years of state incarceration[,] to be served concurrently with the sentence imposed on a prior federal conviction. [McAfee did not file a direct appeal.]

On March 20, 2013, McAfee filed a *pro se* petition under the [PCRA.] Gary Server, Esquire[,] was appointed as PCRA counsel on December 12, 2013, and filed an amended petition on June 6, 2014. However, [McAfee] requested a ***Grazier*** hearing on February 1, 2016[, which the court held] on May 16, 2016[. At the hearing, McAfee's] retained [private] counsel Susan Lin, Esquire, entered her appearance and [the court permitted Attorney] Server [] to withdraw. [Attorney] Lin filed a second amended petition [on August 18, 2016], raising a single sentencing claim[. On April 5, 2017, McAfee] filed an amended *pro se* petition raising an ineffective assistance of counsel claim. [At a hearing the PCRA court conducted] on April 28, 2017, McAfee was colloqu[i]ed and [he] waived the ineffectiveness claim [he] raised in [his April 5, 2017] amended *pro se* petition and proceeded with the sentencing claim [Attorney Lin] raised in the [counseled August 18, 2016] petition. On May 31, 2017, [the PCRA court held] an evidentiary hearing [] on the sentencing claim and [] found that the terms of [McAfee]'s 2012 negotiated sentence could not be effectuated due to federal guidelines. Thereafter, in order to resolve the issue, [the parties] negotiated a new sentence[, which the PCRA] court imposed [] on June 7, 2017. [McAfee did not file a direct appeal.]

On June 26, 2018, McAfee filed the instant PCRA petition *pro se*, raising the ineffective assistance of counsel claim [he] previously waived on April 28, 2017. [Dolores] Bojazi, Esquire[,] was appointed [as] new PCRA counsel on January 17, 2019.[1] McAfee's *pro se* PCRA petition was amended by [Attorney] Bojazi on March 14, 2019, wherein she adopted the aforementioned claim previously waived. On April 10, 2019, th[e PCRA] court issued a

- 2 -

Pa.R.Crim.P. [] 907 notice of [its] intent to dismiss the [petition] as meritless[, and] dismissed [it] on May 10, 2019. On May 20, 2019, [the PCRA court held] a *Grazier* hearing [] and [McAfee] was permitted to proceed *pro se* on appeal. McAfee filed a notice of appeal on May 22, 2019.

> [1] In accordance with *Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019) [("A convicted defendant has a right . . . to the assistance of counsel on a first PCRA petition.")], McAfee was not entitled to a new appointed PCRA counsel [on his subsequent petition because the court previously] appointed [Attorney Server] on December 12, 2013 [to represent McAfee on his first petition].

Trial Court Opinion, 8/12/19, at 1-3.

On appeal, McAfee presents the following issue for our review: "Whether the PCRA court erred by concluding that [McAfee] was not entitled to counsel[,] erroneously concluding that this was [McAfee's] second PCRA [petition, rather than his] first[, as it] challeng[es] the new judgment entered on June 7, 2017, as the prior judgment was a nullity due to breach of contract?" Appellant's Brief, at 5 (unnecessary capitalization omitted).

In arguing that the issue raised in his first petition—filed by Attorney Lin on August 18, 2016—was not cognizable under the PCRA, and that his petition was therefore not a PCRA petition, McAfee relies on this Court's decision in *Commonwealth v. Partee*, 86 A.3d 245 (Pa. Super. 2014), *abrogated on other grounds as recognized by Commonwealth v. Fernandez*, 195 A.3d 299, 301 (Pa. Super. 2018). *See* Appellant's Brief, at 10-11. In *Partee*, we found that the Appellant's petition seeking specific performance of a plea agreement sought a type of relief that was "not cognizable under the PCRA and that it was error [for the trial court] to treat it as such." *Id.* at 246. In

- 3 -

coming to this conclusion, we noted that, when compared to the PCRA's statutory bases for seeking relief, as set forth in section 9543(a)(2), the Appellant's petition was neither an attack on his sentence nor an allegation of innocence, nor did his sentence result from a constitutional violation, ineffective assistance of counsel, an unlawfully-induced plea, government obstruction, an illegal sentence, or lack of jurisdiction, nor did he offer any newly-discovered evidence. *Id.* at 247. As such, the petition at issue in *Partee* was not subject to "the standard applicable to the dismissal of PCRA petitions." *Id.*

> Here, McAfee's August 18, 2016 second amended petition alleged:
>
> [McAfee] was **deprived of effective assistance of counsel** when trial counsel negotiated a guilty plea agreement that was **legally impossible to implement**. Under the plea agreement, [McAfee]'s sentence was to run concurrently with a previously imposed federal sentence of 37 months' imprisonment. However, . . . it is impossible for [McAfee] to serve the instant sentence concurrently with his federal sentence. Thus, the **inaccurate advice of counsel** rendered [McAfee]'s guilty plea **involuntary and unknowing**.

Second Amended Counseled Petition for Post-Conviction Relief Pursuant to 42 Pa.C.S.A. § 9543 and Memorandum of Law, 8/18/16, at 2-3 (emphasis added).

Here, McAfee's second amended petition, filed by Attorney Lin on August 18, 2016, alleged ineffective assistance of counsel and attacked the legality of his sentence and the voluntariness of his plea. As such, his claims were cognizable under the PCRA. *See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007) ("[W]hen a petitioner files an untimely PCRA petition

- 4 -

raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review."); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (legality of sentence always reviewable under PCRA, but subject to PCRA's time limits and exceptions); ***see also*** 42 Pa.C.S.A. § 9543(a)(2); ***cf. Partee***, ***supra*** at 247 ("We note that the within petition is not an attack on Appellant's sentence . . . . Appellant is not asserting that his conviction or sentence resulted from . . . ineffective assistance of counsel[.]"). Indeed, beyond the simple fact that the second amended petition stated cognizable claims under the PCRA—which the PCRA court granted—McAfee's petition header additionally stated that it was filed as a PCRA petition, and pursuant to the PCRA. ***See*** Second Amended Counseled Petition for Post-Conviction Relief Pursuant to 42 Pa.C.S.A. § 9543 and Memorandum of Law, 8/18/16. Therefore, this claim is meritless.

McAfee argues alternatively, that because he was resentenced on June 7, 2017, and he did not file a direct appeal, he had until July 7, 2018 to file a timely PCRA petition, ***see*** 42 Pa.C.S.A. §§ 5571(b), 9545(b), making his June 26, 2018 *pro se* PCRA filing his "first challenging that judgment." Appellant's Brief, at 11; ***see also*** Appellant's Reply Brief, at 3.

Nevertheless, this Court has directly addressed the issue of "subsequent petitions" filed under the PCRA following a grant of relief on a successful PCRA petition:

> a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither

restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only. We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction.

***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (citing ***Commonwealth v. Dehart***, 730 A.2d 991, 994 n.2 (Pa. Super. 1999)).

Here, the court granted McAfee's relief from his first PCRA petition, ***see*** Second Amended Counseled Petition for Post-Conviction Relief Pursuant to 42 Pa.C.S.A. § 9543 and Memorandum of Law, 8/18/16. The court's relief affected McAfee's sentence only, ***see McKeever***, ***supra***, as he was resentenced because the PCRA court "found that the terms of [McAfee]'s 2012 negotiated sentence could not be effectuated due to federal guidelines." Trial Court Opinion, 8/12/19, at 2; ***see also*** Order of Sentence, 6/7/17. Therefore, McAfee's instant PCRA filing, his first one made subsequent to his resentencing, was not a first petition under the PCRA, but rather, was a subsequent petition. ***McKeever***, ***supra***.

McAfee argues, again in the alternative, that the PCRA court should have appointed counsel pursuant to Pennsylvania Rule of Criminal Procedure 904. ***See Commonwealth v. Smith***, 818 A.2d 494, 497 (Pa. 2003) (counsel should be appointed in every case where defendant filed first PCRA and cannot afford or otherwise procure counsel; however, Rule 904 limits appointment of counsel on second or subsequent petitions so counsel should be appointed only if court, in its discretion, determines evidentiary hearing is required in interests of justice). Subpart D of Rule 904 states: "On a second or subsequent petition, when an unrepresented defendant satisfies the judge

that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant." Pa.R.Crim.P. 904(D). Additionally subpart E states: "The judge shall appoint counsel to represent a defendant whenever the interests of justice require it." Pa.R.Crim.P. 904(E).

Here, McAfee has failed to meaningfully develop his argument under subpart D, *see* Appellant's Brief, at 11, likely because his claims did not require an evidentiary hearing. *See infra*, n.1; *see also* Pa.R.Crim.P. 904(D). Undeveloped claims on appeal are waived. *See Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

Under subpart E, McAfee argues that because he identified as a witness Private Investigator Richard Strohm, for whom the court granted McAfee fees to pursue his claim on May 1, 2019, the court's findings "were not supported by the record and not free of legal error." Appellant's Brief, at 11.

Nevertheless, we are unconvinced that the trial court abused its discretion in determining that the interests of justice did not require appointment of counsel since McAfee had already waived the single claim raised in the subject PCRA petition, under the advice of counsel.[1] *See Smith*,

_____

[1] At the April 28, 2017 hearing, the PCRA court colloquied McAfee as follows:

Court: It would be in everyone's best interest if you would state for the record what claims you are prepared to litigate on his behalf and what claims you feel are frivolous or inappropriate.

[Attorney] Lin: I will be pursuing, because I think they're meritorious, the claims that Mr. McAfee's guilty plea was not voluntary because he was promised a certain sentence that was either impossible to implement or illegal to implement.

Court: Do you understand that, sir?

[McAfee]: Yes.

Court: That was the claim advanced on your behalf by Ms. Lin in her pleadings. Is that a fair statement, ma'am?

[Attorney] Lin: Yes.

Court: You understand that?

[McAfee]: Yes.

Court: Would you state for the record the claims that you will not be pursuing[?]

[Attorney] Lin: I will not be pursuing a claim that Mr. McAfee received ineffective assistance of counsel and was prejudiced by ineffective assistance of counsel when he was not informed by trial counsel that he had the right to file a petition for review after his double jeopardy motion to dismiss was denied.

Court: First of all, Mr. McAfee, did you hear what [Attorney Lin] said?

[McAfee]: Yes.

Court: Having heard what she said, did you understand what she said?

[McAfee]: Yes.

Court: Having heard what she said, are you in agreement that that claim will be abandoned and not raised on your behalf?

[McAfee]: Yes, I understand.

Court: [O]nce you have abandoned that claim, which was not raised by your attorney but was raised by you[,] . . . you cannot later raise [it] at a future date. Do you understand?

[McAfee]: Yes.

Court: Now, knowing everything that we have just advanced and/or placed on this record, are you, nevertheless, in agreement to have Ms. Lin represent you knowing that she will not raise that second claim which you raised regarding the failure of your previous attorney to file a petition to have the Superior Court hear the issue regarding the trial court's determination that your motion for double jeopardy was frivolous?

[McAfee]: Yes, I understand.

Court: Did anyone promise, force, or threaten you to make your decision?

[McAfee]: No.

Court: This is your decision made of your own free will?

[McAfee]: Yes.

Court: Have you discussed this with your attorney?

[McAfee]: Yes.

Court: Are you satisfied with her services?

[McAfee]: Yes.

N.T. Hearing, 4/28/17, at 11-14 (unnecessary capitalization omitted). Here, the record reflects that McAfee knowingly and voluntarily waived the single claim he now seeks to raise in the subject PCRA petition. The PCRA court properly dismissed this waived claim. *See Commonwealth v. Jones*, 932 A.2d 179, 181 (Pa. Super. 2007) ("On appeal from the denial of PCRA relief, an appellate court's standard of review is whether the ruling of the PCRA court is free of legal error and supported by the record."); *id.* ("In order to be eligible for relief under the PCRA, the error asserted must not have been previously litigated or waived."); 42 Pa.C.S.A. § 9543(a)(3).

*supra*; *see also Commonwealth v. English*, 699 A.2d 710, 713 (Pa. 1997)

(abuse of discretion standard of review for interest of justice determinations).

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/21

---

Finally, McAfee argues that pursuant to the decisions in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (established procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc) (same), Attorney Lin was required to "explain [her] reasons for not raising [McAfee's] claim," and that Attorney Lin's statement above was insufficient. *See* Appellant's Brief at 11; *see also* Appellant's Reply Brief, at 2. We note that those cases apply when "PCRA counsel seeks to withdraw on the ground that the issues raised by the petitioner are without merit." *Kelsey*, *supra* at 1139. Here, Attorney Lin did not seek withdrawal; therefore, we find the *Turner*/*Finley* requirements inapplicable. Additionally, no relief is due under an ineffectiveness of counsel theory since McAfee has not alleged or proven prejudice. *See Commonwealth v. Rosado*, 150 A.3d 425, 436 (Pa. 2016) (requiring demonstration of prejudice to defendant for successful claim of ineffective assistance of counsel when counsel only "narrowed the ambit" of appellate review rather than foreclosed appellate review entirely).